## Case No. 16,022.

### UNITED STATES v. PEARL.

[5 Cranch, C. C. 392.] [1]

Circuit Court, District of Columbia. March Term, 1838.

LARCENY—TAKING BY HACKNEY COACH DRIVER—INDICTMENT.

1. If the owner of goods, by mistake or accident, leaves them in a hackney coach, and the driver finds them there, and, knowing to whom they belong, takes and converts them to his own use with intent to steal them, he is guilty of larceny.

2. In an indictment under the penitentiary act [4 Stat. 448], for stealing bank-notes, quære whether, it is not necessary to state the name of the bank and the date of the notes?

Indictment, under the penitentiary act (section 9) [against negro Frank Pearl] for stealing "one silk reticule of the value of twenty cents, one silver pencil of the value of one dollar, one bank note to the amount of fifty dollars, of the value of fifty dollars, for the payment of fifty dollars; three bank notes, of the value of ten dollars each, to the amount of ten dollars each, for the payment of ten dollars each; of the bank notes, goods, and chattels of one Elizabeth Lee," "against the form of the statute," &c.

W. L. Brent and Mr. Dandridge, for defendant, objected to evidence being given upon the charge of stealing the bank-notes, because they were not sufficiently described in the indictment. The name of the bank should have been stated, and the date of the notes, that it may appear that there was any such bank in existence at the date of the notes. They cited Starkie, Cr. Pl. 216, 217, upon the statute of 2 Geo. II. c. 25, § 3, which provides for the punishment of persons for stealing "any bank-notes." An indictment under that statute describes the bank-note as being "a bank-note of the governor and company of the Bank of England." If it is sufficient to describe the thing in the words of the statute, this would have been a sufficient indictment if it had merely stated that the defendant had feloniously taken and carried away "the property of Mr. Lee, of the value of five dollars."

Mr. Key, contra, contended that it was sufficient to charge the offence in the words

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

of the statute. The English precedents, under the statute of 2 Geo. II. c. 25, § 3, are so. They merely describe the note as "one bank-note." 3 Chitt. 917, 973, note a, 974; Archb. Cr. Law, 130; 2 Leach, 1103; 2 East, P. C. 602; Rex v. Johnson, 3 Maule & S. 547; 2 Russ. Crimes, 170.

THE COURT (THRUSTON, Circuit Judge, absent), said the question had better be reserved for a motion in arrest of judgment, and thereupon evidence was given as to the bank-notes.

Mr. Brent contended before the jury that if a man finds goods and converts them to his own use with intent to steal them, it is not felony; and cited to the jury several authorities, of which the court did not take a note.

Whereupon Mr. Key prayed the court to instruct the jury, that if they believe, from the evidence, that Mrs. Lee left her reticule, pencil, and bank notes in the prisoner's hackney-coach by mistake or accident, and that the prisoner found them there, and knew them to belong to her, and took and converted them to his own use with intent to steal them, then he is guilty of larceny.

Mr. Key cited Wynne's Case, 1 Leach, 413; 2 East, P. C. 664; 2 Russ. Crimes, 101.

THE COURT (THRUSTON, Circuit Judge, absent) gave the instruction as prayed.

Mr. Brent then prayed the court, in substance, to instruct the jury, that if Mrs. Lee lost the property, and the defendant found it and converted it to his own use, with intent to steal it, it is not felony.

But THE COURT refused.

Verdict, "Guilty."

There was a motion in arrest of judgment; but before it was argued, the president pardoned the defendant, and he died.